UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDALL CARSON, SR.,

    Plaintiff,

v.    Case No. 8:08-cv-2461-T-24 TGW

CITY OF LAKELAND, FLORIDA,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss. (Doc. No. 4). Plaintiff opposes the motion. (Doc. No. 6).

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right

to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II. Background

Plaintiff alleges the following in his complaint (Doc. No. 2): On November 4, 2007, Plaintiff Wendall Carson, Sr., and the mother of his children, Valerie Banks, were having an argument at Plaintiff's home. Shortly thereafter, Banks left. After Banks left, an unknown person called 911.

At approximately 1:00 a.m., officers from the Lakeland Police Department arrived at Plaintiff's home. The police kicked Plaintiff's front door down and ordered him to get down on the floor. Plaintiff complied, and within seconds, a Lakeland Police Department K-9 officer came in with his dog. The dog was released and began biting Plaintiff's left arm and shoulder. After the police handcuffed Plaintiff, they removed the dog and took Plaintiff to the hospital. Plaintiff was treated for several puncture wounds and deep lacerations.

On December 20, 2007, Plaintiff turned himself in for the charges stemming from the November 4th incident. However, on February 28, 2008, all of the charges against Plaintiff were dropped.

Thereafter, Plaintiff filed this lawsuit, in which he asserts five claims: (1) Count I - § 1983 claim based on violations of his First, Fourth, Fifth, and Fourteenth Amendment rights; (2) Count II - negligence; (3) Count III - battery/excessive force; (4) Count IV - false arrest; and

(5) Count V - malicious prosecution.  In response, Defendant filed the instant motion to dismiss.

### III.  Motion to Dismiss

In its motion, Defendant seeks dismissal of Plaintiff's § 1983 claim (Count I) to the extent it is based on violations of his First, Fifth, and Fourteenth Amendment rights. Additionally, Defendant seeks dismissal of Plaintiff's false arrest claim (Count IV) in its entirety.  Accordingly, the Court will analyze each argument.

#### A.  Count I - § 1983

In Count I, Plaintiff asserts a § 1983 claim based on violations of his First, Fourth, Fifth, and Fourteenth Amendment rights.  While Defendant is not challenging this claim to the extent that it is based on a Fourth Amendment violation, Defendant contends that it must be dismissed to the extent that it is based on the other amendments.

The Court agrees that to the extent that Plaintiff is attempting to assert a § 1983 claim based on a violation of his First Amendment rights, the claim must be dismissed, because such a claim has not been sufficiently alleged.  Instead, as alleged, the § 1983 claim is based on the police department's use of excessive force.

Plaintiff's § 1983 claim based on excessive force is analyzed under the Fourth Amendment, which has been incorporated and applied to the states through the Fourteenth Amendment.  See Graham v. Connor, 490 U.S. 386, 395 (1989); Garrett v. Athens-Clarke County, Ga., 378 F.3d 1274, 1279 n.9 & 11 (11th Cir. 2004); Kerr v. City of West Palm Beach, 875 F.2d 1546, 1548 n.4 (11th Cir. 1989).  Thus, under the facts alleged, the Fourteenth Amendment is applicable, but it is only relevant insofar as it enables Plaintiff to bring his Fourth Amendment claim against non-federal officials.

3

With regards to Plaintiff's Fifth Amendment claim, the Fifth Amendment, by itself, cannot support a § 1983 claim in this case, because the Fifth Amendment only applies to federal actors. See Lewis v. Wilcox, 2007 WL 3102189, at *3 (M.D. Ga. Oct. 23, 2007); Copeland v. Bradenton Police Department, 2008 WL 3889588, at *4 (M.D. Fla. Aug. 18, 2008); Gonzalez v. City of Lakeland, 2006 WL 1319445, at *10 (M.D. Fla. May 12, 2006). To the extent that Plaintiff is attempting to allege a Fifth Amendment violation through the Fourteenth Amendment, he has not alleged sufficient facts to do so, because his allegations only describe excessive force. A claim that a person's Fifth Amendment right to life and liberty was violated by excessive force is not actionable, "because, in the context of an arrest, excessive force claims are actionable only under the fourth amendment." Kubiak v. Ramirez, 1989 WL 55375, at *2 (N.D. Ill. May 15, 1989)(citation omitted); see also Johns v. Parmley, 2005 WL 928666, at *3 (N.D.N.Y. April 20, 2005)(stating that "the Fourth, rather than the Fifth, Amendment addresses pretrial deprivations of liberty"); Neyland v. Molinaro, 368 F. Supp.2d 787, 791 (E.D. Mich. 2005); Graham, 490 U.S. at 395 (stating that "all claims that law enforcement officers have used excessive force . . . in the course of an arrest . . . should be analyzed under the Fourth Amendment").

Accordingly, to the extent that Plaintiff is asserting a § 1983 claim based on violations of his First and Fifth Amendment rights, the motion to dismiss is granted. Plaintiff's § 1983 claim based on a violation of the Fourth Amendment incorporated through the Fourteenth Amendment remains.

### B.  Count IV - False Arrest

In Count IV, Plaintiff asserts a claim for false arrest and specifically alleges that the

4

police officers "acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." (Doc. No. 2, ¶ 35). Defendant argues that it is sovereignly immune, pursuant to Florida Statute § 768.29(9)(a), from false arrest claims based on its police officers acting in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

> Florida Statute § 768.29(9)(a) provides:
>
> The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions . . . shall be by action against the governmental entity . . . of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.29(9)(a). Thus, according to § 768.29(9)(a), the state and its subdivisions have waived sovereign immunity for certain acts and omissions of their officers, except in certain situations, such as when the officer committed the act or omission in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

In his complaint, Plaintiff specifically alleges that the police officers acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property when they arrested him. As such, Plaintiff has alleged his false arrest claim in such a way as to specifically come within the § 768.29(9)(a)'s exception to the waiver of sovereign immunity.

Plaintiff responds that there is case law that states that there is no sovereign immunity for

5

false arrest claims. While it is true that Jibory v. City of Jacksonville, 920 So. 2d 666, 667 (Fla. 1st DCA 2006), and Dickinson v. Gonzalez, 839 So. 2d 709, 713 (Fla. 3d DCA 2003), made such a statement, these cases were making the statement that in general, there is no sovereign immunity for false arrest claims. Those cases were not dealing with the issue at hand–whether there is sovereign immunity when the false arrest was committed in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property when the arrest occurred. However, Florida Statute § 768.29(9)(a) specifically deals with the issue at hand and clearly provides that, as alleged, Defendant has sovereign immunity for Plaintiff's false arrest claim. As such, Defendant's motion to dismiss Plaintiff's false arrest claim is granted.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 4) is **GRANTED AND PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court dismisses Plaintiff's false arrest claim (Count IV) and Plaintiff's § 1983 claim (Count I) to the extent that it is based on violations of Plaintiff's First and Fifth Amendment rights; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of January, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

6